UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LUIS GONZALEZ<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action Number<br>5:17-CV-00060 |
| STATE AUTO PROPERTY &<br>CASUALTY INSURANCE COMPANY,<br>HAAG ENGINEERING COMPANY,<br>SAMPSON QUANG NGUYEN, AND<br>DAVID L. TEASDALE<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Jury |

## DEFENDANT STATE AUTO'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, State Auto Property and Casualty Insurance Company ("State Auto"), files this Notice of Removal pursuant to 28 U.S.C. §1446(a), and respectfully shows as follows:

## I.
## INTRODUCTION

1.   Plaintiff is Luis Gonzalez (hereinafter "Plaintiff"); Defendants are State Auto Property & Casualty Insurance Company (hereinafter "State Auto"), Haag Engineering Company (hereinafter "Haag"), Sampson Quang Nguyen (hereinafter "Nguyen"), and David L. Teasdale (hereinafter "Teasdale") (hereinafter collectively referred to as "Defendants"). There are no other parties. *See* Plaintiff's Original Petition, attached as Exhibit "A - 1".

2.   On February 1, 2017, Plaintiff filed Cause No. 2017CVF000231 D2, *Luis Gonzalez vs. State Auto Property & Casualty Insurance Company, Haag Engineering Company, Sampson Quang Nguyen, and David L. Teasdale* in the 111th Judicial District Court of Webb County, Texas ("State Court Action"). *See* Exhibit "A - 1". Plaintiff's suit alleges breach of contract,

unfair settlement practices, violations of the Texas Insurance Code, and breach of good faith and fair dealing, relating to damage allegedly suffered at Plaintiff's home located at 8826 Liberty Loop, Laredo, Texas 78045. *See* Exhibit "A - 1".

3. A citation was issued and State Auto Property & Casualty Insurance Company was served on March 3, 2017. *See* Exhibit "A – 10" and Affidavit of Mark Chenetski attached as Exhibit "B". Defendants Haag and Teasdale were served on March 3, 2017. See Exhibit "A-8" and "A-9." Although it is not clear from the state court's file when Defendant Nguyen was served, Haag, Teasdale, and Nguyen have filed an answer in the state court. *See* Exhibit "A-12." The consent of Haag, Teasdale, and Nguyen are not required, as they have been improperly joined to solely defeat diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."). However, even though the consents of Haag, Teasdale, and Nguyen are not required, they do consent to this removal. *See* Exhibits "C" and "D."

4. State Auto files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007). State Auto files its Answer in this Court, contemporaneously with the filing of this Notice. State Auto demands a trial by jury in this Court.

5. Plaintiff has not filed any amended pleadings and no additional parties, besides those mentioned herein, have been joined. The State Court's Docket Sheet is attached as Exhibit "A – 13."

## II.
## REMOVAL BASED ON DIVERSITY JURISDICTION

6. Pursuant to 28 U.S.C. §1332(a), State Auto removes this case as it involves a controversy between parties of diverse citizenship and an amount in controversy that exceeds $75,000.

7. The amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a). Plaintiff's Original Petition seeks "monetary relief over $200,000 but not more than $1,000,000." *See* Exhibit "A – 1."

8. Plaintiff is a citizen of Texas. *See* Exhibit "A - 1". State Auto Property & Casualty Insurance Company is a foreign corporation organized under the laws of the state of Iowa with its principal place of business located at 518 E. Broad Street, Columbus, Ohio 43215. *See* Exhibit "B."

9. Plaintiff alleges that Defendants Teasdale and Nguyen are Texas residents, and that Haag is a Texas corporation. *See* Exhibit "A-1." However, Teasdale, Nguyen, and Haag were improperly joined as Defendants for purposes of defeating diversity, and their citizenship should be ignored for jurisdictional purposes.

10. The removing party must show that non-diverse defendants have been improperly joined to defeat diversity, either through outright fraud in the jurisdictional facts set forth by Plaintiff, or by demonstrating that there is no possibility that Plaintiff would be able to establish a cause of action against the non-diverse defendants in state court. *See e.g., Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *see also Holmes v. Acceptance Cas. Ins. Co.*, 942 F.Supp.2d 637, 643 (E.D. Tex. 2013). An analysis of improper joinder must be based on the analysis of the causes of action and factual basis alleged in the complaint at the time of the removal. *Holmes,*

942 F.Supp.2d at 643. However, a summary-judgment type procedure may be utilized by the court to evaluate the improper joinder and determine whether the plaintiff can state a claim against the non-diverse defendant. *Id.* at 644. Affidavit testimony from the party alleging improper joinder may be considered by the Court in evaluating the validity of Plaintiff's claims. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) ("While we have cautioned against pretrying a case to determine removal jurisdiction, fraudulent joinder claims can be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits and deposition testimony." (internal quotations and citations omitted)).

11. There is no possibility that Plaintiff can establish a cause of action against Haag, Nguyen, and/or Teasdale. Plaintiff has alleged non-compliance with the Texas Insurance Code for unfair settlement practices, specifically Chapter 541, against Haag, Teasdale, and Nguyen. Plaintiff cannot assert claims under Chapter 541 of the Texas Insurance Code because Haag, Nguyen, and Teasdale are not engaged in the business of insurance. They are not an insurance adjusting firm, are not adjusters, and did not adjust Plaintiff's insurance claim. Rather, Haag is an engineering firm, and Nguyen and Teasdale are licensed engineers who performed engineering services. An engineer employed by a third-party company to inspect damaged properties is not a licensed adjuster and does not provide insurance or adjusting services. *See Michels v. Safeco Ins. Co. of Indiana*, 544 F. App'x 535, 539 (5th Cir. 2013), *abrogated on other grounds, Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193 (5th Cir. 2016). It is well established that an engineering firm hired by an insurance company to investigate a claim is not engaged in the business of insurance under the Texas Insurance Code. *See Craig Penfold Properties, Inc. v. Travelers Cas. Ins. Co.*, 2014 WL 4055356 at *5 (N.D. Tex. Aug. 14, 2014); *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, 2013 WL

5969920, at *2 (N.D. Tex. Nov. 8, 2013); *Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 793 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Additionally, there is no privity of contract between Plaintiff and Haag, Teasdale, or Nguyen, nor is there a special relationship that would give rise to liability under the Texas Insurance Code. *See Medistar Twelve Oaks Partners, Ltd. V. Am. Econ. Ins. Co.*, 2010 WL 1996596, at *8 (S.D. Tex. May 17, 2010). The uncontroverted evidence established through the pleadings and through the affidavits of Haag, Teasdale, and Nguyen is that Plaintiff is not able to establish a cause of action against Haag, Teasdale, or Nguyen and their citizenship should be ignored for purposes of jurisdiction.

12. An Index of Exhibits is attached as Exhibit "A". Copies of all pleadings, process, orders, and other filings in the State Court Action are attached to this notice as Exhibits "A - 1" through "A - 13," as required by 28 U.S.C. §1446(a). A list of the counsel of record for all parties, as required by Local Rule 81.6 is attached as Exhibit "E."

13. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit is pending is located in this District and within this Division.

14. State Auto will promptly file a copy of this Notice of Removal with the clerk of the court in the pending State Court Action.

### III.
### JURY DEMANDED

15. State Auto requests that this matter be heard by a jury in this Court.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, State Auto, prays that this case be removed to the United States District Court for the Southern District of Texas, Laredo

Division, and that further proceedings in the State Court Action be discontinued, and that this Court assume full jurisdiction over such action as provided by law.

Respectfully submitted,

*/s/ Sterling Elza*
Sterling Elza
Attorney-In-Charge
State Bar No. 24026823
Southern District of Texas Bar No. 1043963
Alicia A. Murphy
State Bar No. 24095005
Southern District of Texas Bar No. 2717568
306 West 7th Street, Suite 200
Fort Worth, Texas 76102-4905
Tel: 817/332-1391
Fax: 817/870-2427
Email: selza@browndean.com
amurphy@browndean.com

**ATTORNEY FOR DEFENDANT,
STATE AUTO PROPERTY & CASUALTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was served upon the Plaintiff by serving his counsel of record, Andres Arguello and R. Brandon Davis II, Arguello Law Firm, 1110 NASA Parkway, Suite 620, Houston, Texas 77058, (281) 884-3961, and upon Defendants by serving their counsel of record, Chris Gabriel and James Sowder, Thompson, Coe, Cousins & Irons, LLP, 700 N. Pearl Street, 25th Floor, Dallas, Texas 75201, (214) 871-8209, via fax and certified mail, return receipt requested, in accordance with Rules 21 and 21(a) of the Texas Rules of Civil Procedure, on this the 24th day of March, 2017.

*/s/ Sterling Elza*
Sterling Elza