**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **LUIS GONZALEZ** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v** | § | |
| | § | **CIVIL ACTION NO. 5:17-CV-00060** |
| **STATE AUTO PROPERTY &** | § | |
| **CASUALTY INSURANCE COMPANY,** | § | **Jury** |
| **HAAG ENGINEERING COMPANY,** | § | |
| **SAMPSON QUANG NGUYEN, AND** | § | |
| **DAVID L. TEASDALE** | § | |
| **Defendants.** | § | |

**RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Defendants Haag Engineering Co., Sampson Quang Nguyen, and David L. Teasdale ("Haag Defendants") file this Response to Plaintiff Luis Gonzalez's Motion to Remand and show:

## I. SUMMARY OF ARGUMENT

1. This Court has diversity jurisdiction because Luis Gonzalez has improperly joined Haag Engineering and its engineers Sampson Quang Nguyen and David L. Teasdale, all Texas residents, as defendants. In essence, Gonzalez's asserts he was denied policy benefits for alleged property damage caused by a storm under his homeowner's insurance policy with State Auto. Gonzalez has no relationship and no privity with Haag Engineering and its engineers. Further, because Haag Engineering, Nguyen, and Teasdale are not in the business of insurance Gonzalez has no claim against them under the Texas Insurance Code.

## II. ARGUMENTS & AUTHORITIES

### *A. Standard for removal.*

2. An action in state court may be removed to federal court if "the district courts of

the United States have original jurisdiction." 28 U.S.C. § 1441. Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).

3. Courts recognize an exception to the complete diversity rule, however, where a defendant has been improperly joined in an action. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). Improper joinder is established where the defendant shows (1) actual fraud in the jurisdictional pleadings of the facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

4. The test for improper joinder is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* If a plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may pierce the pleadings and conduct a summary inquiry. *See Id.*, at 573; *Craig Penfold Properties, Inc. v. Travelers Cas. Ins. Co.*, 2014 WL 4055356 at *5 (N.D. Tex. Aug. 14, 2014) (holding that piercing the pleadings was necessary to determine whether joinder was proper, thus allowing the court to consider an affidavit controverting the plaintiff's dubious allegation that a defendant engineer was an insurance adjuster.).

5. In *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, the Fifth Circuit held that a federal court must apply the federal pleading standard to determine improper joinder. 818 F.3d 193, 208 (5th Cir. 2016). The federal pleading standard requires a plaintiff's pleading to contain sufficient facts to state a claim to relief that is plausible on its face, providing more than a mere possibility of recovery. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 556 (2007). Moreover, the pleading must provide more than "labels and conclusions" and do more than merely restate the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

6. Additionally, Plaintiffs' allegations for Texas Insurance Code violations must satisfy the pleading requirements of Rule 9(b). *Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp.2d 734, 742–43 (S.D. Tex.1998). *See also, e.g.*, *Berry v. Indianapolis Life Ins. Co.*, 608 F.Supp.2d 785, 800 (N.D.Tex. 2009); *Flowserve Corp. v. Hallmark Pump Co.*, 2010 WL 2232285, *6 (S.D. Tex. Feb. 3, 2010). Where "[t]he factual background of ... claims is substantively identical," causes of action arising under DTPA, the Texas Insurance Code, or common law fraud must satisfy Rule 9(b), which reaches "all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." Rule 9(b) provides, in pertinent part, that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The Rule 9(b) standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Southland Secs. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004); *Berry*, 608 F. Supp. 2d at 796. Essentially, the standard requires the Complaint to allege answers to "newspaper questions" ("who, what, when, where, and how") of the alleged fraud. *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994); *Berry*, 608 F. Supp. 2d at 796.

***B. Haag Engineering, Nguyen, and Teasdale are improperly joined.***

**7.** Haag Engineering is a professional engineering firm retained by State Auto for the specific purpose of performing forensic engineering analysis of the Gonzalez property and to

provide a report of alleged storm damage.[1] Nguyen and Teasdale, as licensed engineers, and Haag Engineering are not insurance adjusters.[2] At all times, Haag Engineering, Nguyen, and Teasdale performed engineering services under their engagement with State Auto.[3] Haag Engineering, Nguyen, and Teasdale were not hired or retained to adjust the claim and did not act as adjusters on the claim.[4] Because Nguyen and Teasdale are engineers and not insurance adjusters, there can be no recovery against them under the Texas Insurance Code.[5]

8. Gonzalez does not allege essential facts to support recovery from Haag Engineering, Nguyen, or Teasdale as to the sole cause of action against them of violating Chapter 541 of the Texas Insurance Code. This case is nothing more than an insurance coverage dispute between Gonzalez and his homeowner's insurer, State Auto. In an effort to circumvent diversity jurisdiction, Gonzalez improperly joined Haag Engineering, Nguyen, and Teasdale. In his Original Petition, Gonzalez expressly acknowledges "Defendant Nguyen is an engineer…" and "Defendant Teasdale is an engineer…"[6] But then, Gonzalez dismisses logic by stating Haag Engineering, Nguyen, and Teasdale adjusted the claim. Intuitively, engineers do not adjust insurance claims and they do not adjust insurance claims by the stroke of a plaintiff's pen in a pleading. The tactic of alleging engineers adjust insurance claims, without factual support, in order to defeat diversity has been rejected by Texas courts. *See generally, Craig Penfold Properties, Inc. v. Travelers Cas. Ins. Co.*, 2014 WL 4055356 at *5.

---

[1] *See* Affidavit of David L. Teasdale, Dkt. 1-17, Exhibit C, ¶ 3.
[2] *See* Affidavit of David L. Teasdale, Dkt. 1-17, Exhibit C, ¶ 2-3; Affidavit of Sampson Quong Nguyen, Dkt. 1-18, Exhibit D, ¶ 2.
[3] *See* Affidavit of David L. Teasdale, Dkt. 1-17, Exhibit C, ¶ 2-3; Affidavit of Sampson Quong Nguyen, Dkt. 1-18, Exhibit D, ¶ 2.
[4] *See* Affidavit of David L. Teasdale, Dkt. 1-17, Exhibit C, ¶ 2-3; Affidavit of Sampson Quong Nguyen, Dkt. 1-18, Exhibit D, ¶ 2.
[5] Texas Courts have recognized that Haag Engineering is an engineering firm and not an adjusting firm. *Muniz v. State Farm Lloyds*, 974 S.W.2d 229, 237 (Tex. App.—San Antonio 1998, no pet.); *Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 793 (Tex App.—Houston [14th Dist.] 2000, no pet.).
[6] *See* Original Petition, ¶ 5 & 6.

9. Gonzalez has not alleged specific actionable conduct supporting recovery against Haag Engineering, Nguyen, and Teasdale for violation of the Texas Insurance Code. An action under Chapter 541 can only be brought against an entity "engaged in the business of insurance" as defined by the Texas Insurance Code § 541.002(2). *Michels v. Safeco Ins. Co. of Indiana*, 544 F. App'x 535, 539 (5th Cir. 2013), *abrogated on other grounds*, *Int'l Energy Ventures*, 818 F.3d at 193. The Fifth Circuit rejected an almost identical attempt to improperly join an engineer in a thinly veiled attempt to defeat diversity, holding:

> Beyond the Michelses' assertion that Womack was an adjuster or de facto adjuster, there is no evidence that he was, and substantial evidence that was not. Womack is an engineer employed by a third-party company to inspect damaged properties. He is not a licensed adjuster and does not provide insurance or adjusting services. In sum, Womack was not an adjuster. Although adjusters can be liable under Texas law, Texas courts have held that engineers who investigate and consult with insurance companies in the adjustment of a claim are not "persons" engaged in the business of insurance. An independent engineering firm hired by an insurer to investigate a claim is not "engaged in the business of insurance" under the Insurance Code. In fact, the Insurance Code explicitly exempts engineers from getting licensed as adjusters, despite the technical assistance they provide to adjusters. *See* Tex. Ins. Code § 4101.002(3)(B). Because the district court correctly dismissed Womack as improperly joined, complete diversity existed between the proper parties—the Michelses and Safeco.

*Michels*, 544 F. App'x at 540.

10. Gonzalez alleges no factual basis to support the allegation that Haag Engineering, Nguyen, or Teasdale are "engaged in the business of insurance." Since Haag Engineering, Nguyen, and Teasdale are, as Gonzalez admits, engineers, they are not "engaged in the business of insurance" under the Texas Insurance Code. *See* TEX. INS. CODE § 4101.002(3)(B) (explicitly exempting engineers from the definition of "adjuster" despite the technical assistance they provide to adjusters). Texas courts hold that engineers who investigate and consult with insurance companies in the adjustment of a claim are not "persons" engaged in the business of insurance. *See Michels*, 544 F. App'x at 540 (5th Cir. 2013) ("[E]ngineers who investigate and

consult with insurance companies in the carrier's adjustment of a claim are not "persons" engaged in the business of insurance."); *Craig Penfold Properties*, 2014 WL 4055356 at *5 ("An independent engineering firm hired by an insurance company to investigate a claim is not 'engaged in the business of insurance' under the Texas Insurance Code."). An engineer employed by a third-party company to inspect damaged properties is not a licensed adjuster and does not provide insurance or adjusting services. *See Michels*, 544 F. App'x at 540 (holding that an engineer employed by a third-party company to inspect damaged properties was not a licensed adjuster and did not provide insurance or adjusting services.); *Craig Penfold*, 2014 WL 4055356 at *5 ("An independent engineering firm hired by an insurance company to investigate a claim is not 'engaged in the business of insurance' under the [Texas] Insurance Code."); *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, 2013 WL 5969920, at *2 (N.D. Tex. Nov. 8, 2013) (concluding engineering firm was not in the "business of insurance" with respect to consumer actions under the Texas Insurance Code.); *see also Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, 2010 WL 1996596, at *3, *4 (S.D. Tex. May 17, 2010) (denying motion to remand because Texas law does not allow an insured to assert Insurance Code claims against independent engineer); *Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 793 (Tex App.—Houston [14th Dist.] 2000, no pet.) (dismissing alleged Insurance Code violations against independent engineering firm [Haag] hired by insurer).

11. Under pleadings similar to those in this case, Texas Courts have determined that joinder of engineers was improper. *See Craig Penfold Properties*, 2014 WL 4055356 at *6; *Michels*, 544 F. App'x at 540; *Medistar*, 2010 WL 1996596, at *3, *4. Additionally, Texas Courts have pierced the pleadings to gaze through the misstated or omitted discrete facts that would determine the propriety of joinder. *See Smallwood*, 385 F.3d at 573 ("The district court

may, in its discretion, pierce the pleadings and conduct a summary inquiry" where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."); *Medistar*, 2010 WL 1996596, at *2 ("If the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may look beyond the pleadings and consider summary judgment-type evidence."). This case contains the precise factual scenario which would permit this Court to pierce the pleadings to identify the presence of discrete and undisputed facts that preclude Gonzalez from recovering against Haag Engineering, Nguyen, and Teasdale. The circumstances of Gonzalez's allegations call for a review of the affidavits of Nguyen and Teasdale filed with the removal.[7]

12. In addition, Gonzalez has not alleged Haag Engineering, Nguyen, and Teasdale caused him any independent cognizable injury. In order to recover on extra-contractual claims Gonzalez must, therefore, plead and prove damages that are independent of the benefits of the insurance policy. *Great Am. Ins. Co. v. AFS/IBEX Fin. Servs., Inc.*, 612 F.3d 800, 806 (5th Cir. 2010); *Parkans Int'l v. L.L.C. v. Zurich Ins.*, 299 F.3d 514, 519 (5th Cir. 2002); *Powell Elec. Sys., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2011 WL 3813278, at *9 (S.D. Tex. Aug. 29, 2011). This is because under Texas law "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from wrongful denial of policy benefits." *Parkans*, 299 F.3d at 519. Here, all of the damages claimed by Gonzalez arise out of the alleged wrongful denial of policy benefits. Because Gonzalez's Petition contains no allegations of injury independent of the allegedly wrongful denial of policy benefits under the State Auto policy, there can be no recovery against Haag Engineering, Nguyen, and Teasdale

[7] *See* Affidavit of David L. Teasdale, Dkt. 1-17, Exhibit C, ¶ 2-3; Affidavit of Sampson Quong Nguyen, Dkt. 1-18, Exhibit D, ¶ 2.

under the Texas Insurance Code.

Gonzalez's petition does not provide support for any reasonable inference from which the court could conclude he is entitled to relief from Haag Engineering, Nguyen, or Teasdale for the causes of action asserted against them under the Texas Insurance Code. Therefore, Haag Engineering, Nguyen, and Teasdale request this Court deny Gonzalez's Motion to Remand and properly exercise its jurisdiction.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: *_/s/ James L. Sowder_*
James L. Sowder
State Bar No. 18863900
Southern District Bar No. 10994
jsowder@thompsoncoe.com
Chris Gabriel
State Bar No. 24074237
Southern District Bar No. 1654572
cgabriel@thompsoncoe.com

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8267
Facsimile: (214) 871-8209
**Counsel For Defendants**
**Haag Engineering Co., Sampson Quang Nguyen, and David L. Teasdale**

**CERTIFICATE OF SERVICE**

This is to certify that on May 9, 2017, a true and correct copy of the foregoing document was duly served pursuant to the Federal Rules of Civil Procedure upon the counsel listed below:

Andres Arguello
R. Brandon Davis II
Arguello Law Firm
1110 NASA Parkway, Suite 620
Houston, Texas 77058

Alicia A. Murphy
Sterling Elza
Brown, Dean, Proctor & Howell, L.L.P.
306 West 7th Street, Suite 200
Fort Worth, Texas 76102-4905

*/s/ James. L. Sowder*
James L. Sowder