UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LUIS GONZALEZ, | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-60 |
| | § | |
| STATE AUTO PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY, *et* | § | |
| *al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Luis Gonzalez moves to remand this insurance-coverage dispute because the Parties are not completely diverse. Plaintiff and Defendants Haag Engineering, Sampson Quang Nguyen, and David L. Teasdale (collectively "Haag Defendants") are Texas citizens. Defendant State Auto and the Haag Defendants oppose remand, arguing that the Court should disregard the Haag Defendants' citizenship because they have been improperly joined in an effort to defeat diversity jurisdiction.

Because the Court concludes that the Haag Defendants—as engineers—are not in the business of insurance, Plaintiff has not pleaded any facts that would lead to a possible recovery against the Haag Defendants under the Texas Insurance Code. Thus, they are improperly joined. Plaintiff's Motion to Remand (Dkt. No. 7) is **DENIED**, and the Haag Defendants are **DISMISSED WITHOUT PREJUDICE** from this lawsuit.

## I. BACKGROUND

In March of 2016, a hailstorm bombarded Plaintiff's home in Laredo, Texas, damaging his roof. (Dkt. No. 1-3 at 3). Afterwards, Plaintiff submitted a claim to State Auto, its home-insurance provider, to recover all cost of repair to his home. (*Id.* at 4). State Auto then hired Haag Engineering, an independent engineering firm incorporated in Texas, to help inspect the roof's damage. (*Id.*). Haag sent two of its engineers, Nguyen and Teasdale, to the property to prepare an engineering report. (*Id.* at 4). The report concluded that the hailstorm did not cause the roof's damage. (*Id.*). State Auto relied upon this engineering report when it adjusted and allegedly undervalued Plaintiff's claim. (*Id.* at 5).

Unhappy with State Auto's decision, Plaintiff filed this lawsuit in the 111th judicial district of Webb County. Plaintiff's original petition alleges that State Auto violated the Texas Insurance Code, breached its duty of good faith and fair dealings, and broke its contract with Plaintiff. (*Id.* at 10–13). It also alleges that the Haag Defendants violated the Texas Insurance Code by conducting unfair settlement practices. (*Id.* at 8–9).

On March 24, 2017, State Auto removed this case based on diversity jurisdiction, contending that complete diversity exists and that the amount in controversy exceeds $75,000.[1] All Defendants urge the Court to disregard the Haag Defendants' citizenship because they are improperly joined. They argue that since the Haag Defendants are not in the business of insurance, there is no possibility of

---

[1] The Parties do not contest the amount-in-controversy requirement.

recovering against them under the Texas Insurance Code. On April 20, 2017, Plaintiff moved to remand this case. He asserts that the Haag Defendants are in the business of insurance (even though they are officially engineers) because they acted as the de-facto adjusters of his claim by inspecting his home. Thus, Plaintiff says, he has pleaded a potential claim under the Texas Insurance Code, thereby defeating this Court's diversity jurisdiction.

## II. REMOVAL JURISDICTION

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) subject matter jurisdiction exists and (2) the removal procedure is properly followed. Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). This burden requires all disputed factual issues and any uncertainties under controlling state law to be resolved in favor of remand. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

With limited exceptions, "[a] federal district court has removal jurisdiction over an action if the district court could have exercised original jurisdiction over it." *Elam v. Kansas City S. Ry Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (citing 28 U.S.C. § 1441(a)). Federal courts have original jurisdiction in cases where the amount in controversy exceeds $75,000 and which are between, *inter alia*, "citizens

of different States." 28 U.S.C. § 1332(a)(1). The doctrine of improper joinder, however, "constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005).

### A. Improper Joinder

When a "plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc). The removing party has the heavy burden of proving improper joinder. *McDonal*, 408 F.3d at 183.

Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). To make the second showing, a defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

Under this analysis, there are two ways to determine whether the plaintiff could possibly recover against the non-diverse defendant: (1) conduct a Rule 12(b)(6)-type analysis, looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant; or (2) to "pierce the pleadings" and conduct a summary-judgment analysis to identify discrete facts that would preclude

4

recovery against the non-diverse defendant. *Id.* at 573–74. The latter method is applicable only when the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* If a court does pierce the pleadings and the defendant has come forth with some evidence supporting improper joinder, "the plaintiff must produce at least some controverting evidence." *Michels v. Safeco Ins.*, 544 F. App'x 535, 539 (5th Cir. 2013) (per curiam) (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000)), *abrogated on other grounds by Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193 (5th Cir. 2016).

## III. ANALYSIS

Plaintiff's petition alleges only one possible cause of action against the Haag Defendants: unfair settlement practices under § 541.060 of the Texas Insurance Code. But a claim under Chapter 541 can only be brought against a person "engaged in the business of insurance." TEX. INS. CODE § 541.002(2). Thus, the only question before the Court is whether the Haag Defendants—an engineering firm and its engineers hired to investigate an insurance claim—fall in this category. If so, then this case should be remanded because there is a possible theory of recovery against them. If not, then any theory of recovery against them based on the Texas Insurance Code implodes—as does Plaintiff's hope of remanding this case.

In *Michels v. Safeco Insurance*, the Fifth Circuit addressed the relationship between engineers and Chapter 541 of the Texas Insurance Code. 544 F. App'x at 539–40. There, in an effort to defeat diversity jurisdiction in an insurance lawsuit,

5

the plaintiffs joined Jason Womack, the engineer hired by the insurance company to help it determine the cause and extent of the damage to the plaintiffs' home. *Id.* The plaintiffs argued that Womack, despite his formal status as an engineer, could be liable under the Texas Insurance Code because he acted as a de-facto adjuster. *Id.* at 540. Although the court agreed that adjusters could be liable under the Texas Insurance Code, it found that Womack was not an adjuster: "Womack [was] an engineer employed by a third-party company to inspect damaged properties. He [was] not a licensed adjuster and [did] not provide insurance or adjusting services." *Id.* In other words, "engineers who investigate and consult with insurance companies in the adjustment of a claim [were] not 'persons' engaged in the business of insurance." *Id.* The court reached this conclusion even though the insurance company based its decision on Womack's engineering report. *Id.* at 537.

*Michels* is consistent with Texas law and with how other courts have dealt with engineers in the insurance context. The Texas Insurance Code treats adjusters and engineers separately as it "explicitly exempts engineers from getting licensed as adjusters, despite the technical assistance they provide to adjusters." *Id.* at 540 (citing TEX. INS. CODE § 4101.002(3)(B)). In interpreting the Texas Insurance Code, one Texas court of appeals held that Haag Engineering (the same Haag Engineering as in this case) was not in the business of insurance because it only provided independent engineering services and was hired to investigate, not adjust, the claim. *Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 793 (Tex App.–Hous. [14th Dist.] 2000, no pet.) As one federal district court has pointed out, equating

6

the investigating and adjusting of an insurance claim would dramatically expand the coverage of the Texas Insurance Code. *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co.*, No. 712-CV-00133-O, 2013 WL 5969920, at *3 (N.D. Tex. Nov. 8, 2013) (O'Connor, J.). For example, an accident-reconstruction expert asked to determine an accident's cause and every medical expert asked to determine the cause of death would face liability under the Texas Insurance Code—a conclusion that is not supported by its text or any case interpreting it. *Id.*

Turning to this case, Plaintiff alleges that Haag Engineering was an adjusting company hired to inspect his home on State Auto's behalf. (Dkt. No. 1-3 at 4). But he also states that Nguyen and Teasdale were the engineers that Haag Engineering assigned to Plaintiff's claim and that State Auto relied upon their engineering report when it allegedly underpaid him. (*Id.* at 2, 8).

These statements paint a conflicting picture as to the role the Haag Defendants played. That is, Plaintiff's allegations are unclear as to whether the Haag Defendants acted as adjusters or merely as experts hired to provide State Auto with information. Because of this ambiguity, the Court will pierce the pleadings and consider Nguyen's and Teasdale's affidavits submitted by State Auto. The affidavits confirm that Nguyen and Teasdale are licensed engineers, not insurance adjusters, who did not adjust Plaintiff's claim. (Dkt. Nos. 1-17, 1-18). They also confirm that Haag Engineering is an engineering firm that contracted with State Auto to preform engineering services and played no role in adjusting Plaintiff's claim. (*Id.*). Plaintiff has not contested these affidavits or submitted any

other evidence to undermine them. He relies solely on the unsupported statements in his petition.

After considering the affidavits along with the petition, the Court concludes that the Haag defendants are not in the business of insurance. Just as in *Michels*, the Haag Defendants are in the engineering business and were hired solely to inspect Plaintiff's home and determine the cause of the damage. They did not decide whether the damage was covered under Plaintiff's insurance policy nor how much to pay on Plaintiff's claim if it was covered. In short, they are engineers, not insurance adjusters. *See also Craig Penfold Properties, Inc. v. Travelers Cas. Ins. Co.*, No. 3:14-CV-326-L, 2014 WL 4055356, at *6 (N.D. Tex. Aug. 14, 2014) (Lindsay, J.) (applying *Michels* to hold that an engineer was not in the business of insurance when the engineer was hired for the purpose of examining the property to determine the cause and extent of the damage). Because the Haag Defendants are not in the business of insurance, there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against them under the Texas Insurance Code. Thus, they are improperly joined.

IV. CONCLUSION

Because the Haag Defendants are improperly joined, they are **DISMISSED WITHOUT PREJUDICE** from this case. Without their presence, the Court has subject matter jurisdiction over this case because all remaining Parties are completely diverse. Accordingly, Plaintiff's Motion to Remand (Dkt. No. 7) is **DENIED**.

It is so **ORDERED**.

**SIGNED** June 16, 2017.

                                                                 Marina Garcia Marmolejo
                                                                 United States District Judge